UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00079-FDW

| | |
|---|---|
| KERI E. MANOS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, ACTING )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    Defendant. )<br>                              ) | **ORDER** |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 15). After careful consideration of the written arguments, the administrative record, and applicable authority, the Court DENIES Plaintiff's Motion for Summary Judgment; GRANTS Defendant's Motion for Summary Judgment; and AFFIRMS the Commissioner's decision.

## I. Background

Plaintiff Keri E. Manos ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Doc. No. 8, Ex. 1). On June 26, 2013, Plaintiff filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 1383, alleging disability[1] since September 6, 2012. (Tr. 121, 209).

---
[1] Under the Social Security Act, 42 U.S.C. § 301, et. seq., the term "disability is defined as an, 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 2015).

1

Plaintiff's application was denied initially on December 6, 2013, and again upon reconsideration on May 5, 2014. (Tr. 148, 153). Plaintiff filed a request for hearing on June 23, 2014, and an application for Title XVI under the Social Security Act on August 29, 2014. (Tr. 158, 225). On July 30, 2015, Administrative Law Judge Charles R. Howard ("ALJ") conducted a hearing regarding both applications in Asheville, NC. (Tr. 92). The ALJ denied Plaintiff's application in a written decision on September 21, 2015. (Tr. 71). Plaintiff requested review of the ALJ's decision on October 28, 2015, which was denied by the Appeals Council on January 19, 2017. (Tr. 1, 67). Therefore, the ALJ's decision on September 21, 2015, became the final decision of the Commissioner. The ALJ subsequently denied Plaintiff's claim, explaining:

> The claimant does not have an impairment of combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> During her mental examinations, she has presented as friendly, alert, and coherent with unremarkable affect and thought content, normal memory, and average judgment and insight. (Exhibit 10F). She reports no issues with attention and concentration.
>
> Overall, the medical record does no support the claimant's allegations. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

(Doc. No. 8, Ex. 1). Plaintiff filed a Complaint seeking a reversal of the ALJ's determination in this Court on March 20, 2017. (Doc. No. 1). Plaintiff filed a Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment on July 24, 2017. (Doc. No. 9, 10). Defendant filed a Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment on October 16, 2017. (Doc. No. 15, 16).

## II. Standard of Review

The question before the ALJ was whether the Plaintiff is disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. (Tr. 74). The law defines disability as the "inability to do any substantial gainful activity by reason of any medically determined physical or mental impairment, which could result in death, or that of which has lasted, could last, for a period of twelve months or more." 20 C.F.R. § 404.1505. To establish entitlement to benefits, Plaintiff has the burden of proving disability. Powell v. Astrue, 927 F. Supp. 2d 267, 270 (W.D.N.C. 2013). Plaintiff argues the ALJ erred in assessing both her mental RFC[2] and the credibility of her own testimony. (Doc. No. 9, p. 2).

When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

---

[2] Social Security Regulations define "Residual Function Capacity" as "what [a claimant] can still do despite his limitations. 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

(alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her

physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); See also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets his or her burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

5

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

III. Analysis

On appeal, Plaintiff presents the following assignments of error: (1) failure to properly determine Plaintiff's mental RFC in regards to her social functioning; and (2) failure to properly assess credibility of Plaintiff's testimony. (Doc. No. 10, p. 2). The Court addresses these arguments in turn.

A. Plaintiff's mental residual function capacity

Plaintiff argues the ALJ erred in failing to determine her mental residual functional capacity as to social functioning. (Doc. No. 10, p. 2). Further, Plaintiff claims there is not a complete determination of how she is limited in her ability to work with or around any supervisors or coworkers. (Doc. No. 10, p. 7, ¶ 1). Plaintiff cites Social Security Regulation ("SSR") 96-8p, which states steps 4 and 5 in analyzing mental residual functional capacity must be done in a detailed assessment. (Doc. No. 10, p. 6, ¶ 4). Next, Plaintiff alleges the ALJ's conclusion of "no more than occasional interaction with the public," is not sufficient to determine her ability to interact with supervisors and coworkers. (Tr. 80) (Doc. No. 10, p. 7, ¶ 3).

In defining the phrase "social functioning," Plaintiff references Section 12.00C(2) of the listings, where social functioning is "the claimant's ability to interact independently, appropriately, effectively, and on a sustained basis with other individuals . . . in work situations that may involve interactions with the public, responding appropriately to persons in authority, or cooperative behaviors involving coworkers." The Court must take this definition at face value; rather than analyze what the ALJ stated in his decision, the Court considers whether or not the ALJ presented

enough evidence for its conclusion. "As long as the evidence in the record allows the ALJ to make a disability determination, there is no duty to obtain additional evidence, particularly where, as here, the claimant is represented by counsel." Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996); 20 C.F.R. §§ 404.1513(e), 416.913(e). Unless the ALJ has reason to discount the opinion of a doctor, the Court must uphold the ALJ's opinion. Lusk v. Astrue, 2013 WL 498797, at *3 (W.D.N.C. Feb. 11, 2013).

Based on the ALJ's decision and Hearing Transcript submitted to the court, there is substantial evidence to support a finding of not disabled as to social functional capacity. The ALJ noted two doctors, who are state agency psychological consultants, assessed Plaintiff to have no mental medically determined impairments. (Doc. No. 8-1, Exhibits 2A and 4A). Plaintiff also stated her medication for social related issues has helped as well as her group therapy sessions. (Tr. 670). The ALJ further found, while Plaintiff has moderate difficulties in social functioning, she still attends church weekly, visits with family, and attends group therapy. (Tr. 79). Evidence of mental health evaluations in the ALJ's decision is enough meet a satisfactory analysis, which the ALJ did here by analyzing Exhibits 7F, 9F, and 14F. Powell v. Astrue, 927 F. Supp. 2d 267, 274 (W.D.N.C. Feb. 26 2013).

The ALJ must consider any difficulties a Plaintiff may have regarding concentration, persistence, or pace. Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). "To the extent that the claimant has alleged difficulty sustaining concentration and attention, this is due to pain from her physical impairments." (Tr. 80). Furthermore, an ALJ need not consider alleged functions to which the Plaintiff did not address. Here, Plaintiff cites to no evidence presented to the ALJ tending to show she would have any difficulty with supervisors or co-workers. Further, a function

7

report completed by Plaintiff's mother stated she got along well with authority figures, including work supervisors. (Tr. 263). Plaintiff has not pointed to any contradictory evidence provided to the ALJ regarding supervisors and co-workers. Substantial evidence supports the ALJ's decision.

The ALJ considered medical documentation, family testimony, and the Plaintiff's own testimony about her ability to interact with others, including those of higher authority within any career that does not conflict with Plaintiff's physical restrictions. Therefore, the Court finds the ALJ provided sufficient analysis to satisfy the standard set forth in Mascio.

**B. Credibility of Plaintiff Based on Testimony**

Plaintiff asserts the ALJ did not state what parts of Plaintiff's testimony were not credible. (Doc. No. 10, p. 10-12). Plaintiff further contends the ALJ did not provide specific, legally sufficient reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of Plaintiff's residual function capacity. (Doc. No. 10, p. 10). Plaintiff asserts the ALJ must specify which testimony he does not find credible and additionally provide legally sufficient reasons to support a credibility determination. Brown-Hunter v. Colvin, 806 F.3d 487 (9th Cir. 2015).

The Commissioner argues by following a two-step process laid out in Craig, the ALJ has provided sufficient reasoning to come to a conclusion of incredible testimony by Plaintiff. Craig, 76 F.3d at 593. First, the ALJ defines whether the claimant had a medically determinable impairment capable of causing the symptoms alleged. 20 C.F.R. §§ 404.1259(b), 416.929(b). Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms by considering all of the available evidence a certain factors set forth by regulation. 20 C.F.R. §§ 404.1529(c), 416.929(c); See also SSR 96-7p; Craig, 76 F.3d at 593-96. In following this two-step process, the

8

ALJ found while Plaintiff's medical impairments could reasonably be expected to cause the alleged symptoms, her statements about the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 80-81).

The question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Craig, 76 F.3d at 589. The Commissioner provides specific reasons for why Plaintiff's testimony was not supported by substantial evidence, leading to the conclusion it is not completely credible.

Defendant asserts the scooter and cane Plaintiff uses for mobility are not supported by medical record nor have they been prescribed by a doctor. SSR 96-9p states, "to find that a hand-held medical assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p. The Court here agrees with the ALJ as well as the Commissioner in that there is no such documentation supporting this need. Next, when the ALJ considered Plaintiff's subjective statements, he took into account a statement made by a physician, "there seems to be some overall pattern of exaggerated pain response." (Tr. 81-82, 357). Based on the evidence provided by both parties, the ALJ found Plaintiff's lumbar spine showed no significant abnormality (Tr. 82, 326), her diabetes is under control (Tr. 82, 379, 457, 460, 515, 624, 631, 635), and her respiratory functioning was normal (Tr. 82, 456-457, 491-492, 506, 528-529, 538, 577).

Further, the ALJ correctly considered no treating provider gave the opinion Plaintiff was or remains disabled. As long as the evidence in the record allows the ALJ to make a disability determination, there is no duty to obtain additional evidence, whether it be medical records or

9

testimony from the Plaintiff. Craig, 76 F.3d at 591; See also 20 C.F.R. §§ 404.1513(e), 416.913(e) (the evidence in the record must allow the ALJ to make a determination or decision about whether a claimant is disabled).

Lastly, Defendant found the evidence provided by Plaintiff, specifically the testimony from her mother and husband, was not credible because there is the possibility such testimony was influenced by family loyalty. (Tr. 83). SSR 6-3p[3] states, "in considering evidence from non-medical sources who have not seen the individual in a professional capacity with their impairment (spouses, parents, friends, etc.) it would be appropriate to consider such factors as the nature and extent of the relationship, as opposed to whether it is consistent with other forms of evidence." SSR 6-3p; Able v. Colvin, 2016 WL 1229086, *7 (M.D.N.C. Mar. 28, 2016). An ALJ is not required to consider lay witness testimony in greater detail than was the case herein where such testimony is corroborative of a claimant's own testimony. Morgan v. Barnhart, 142 F. App'x 716, 724 (4th Cir. 2005). The Court agrees with the Commissioner's arguments in that the ALJ properly considered testimony from Plaintiff's mother and husband, finding neither could be considered substantial evidence because of possible familial influence.

The ALJ's finding is supported by substantial evidence. The limitations Plaintiff describes are inconsistent with the objective evidence on record. Faced with this inconsistency, the ALJ drew a reasonable inference Plaintiff's testimony was not fully reliable and explained the basis for doing so. Accordingly, Plaintiff has failed to show error in the the ALJ's final decision.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No.9) is

---

[3] SSR 6-3p was rescinded for claims filed on or after March 27, 2017 but Plaintiff's applications were filed prior to this date. (Tr. 74). For this reason, the ALJ properly followed SSR 6-3p in relation to the time of his decision.

DENIED; Defendant's Motion for Summary Judgment (Doc. No.15) is GRANTED; and the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: June 20, 2018

Frank D. Whitney
Chief United States District Judge